The document below is hereby signed.

Signed: August 25, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHNNY CONSTANTINO, | ) | Case No. 09-00420 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION And ORDER RE OBJECTION OF CARMAX BUSINESS
SERVICES, LLC DBA CARMAX AUTO FINANCE TO DEBTORS' CHAPTER 13 PLAN

By an objection to confirmation filed on July 16, 2009, CARMAX Business Services, LLC doing business as CARMAX Auto Finance (CARMAX), asserts that it has a claim secured by a motor vehicle belonging to the debtor, and has objected to confirmation of a plan in this case. The objection does not specify whether this is an objection to the original plan filed May 15, 2009, the amended plan filed May 18, 2009, or the amended plan filed July 15, 2009. CARMAX objects to confirmation on the basis that:

> The Plan values the Vehicle at $19,010. However, as the Vehicle was purchased and financed on March 31, 2008, within the 910-day period prior to the filing of the debtors' bankruptcy petition, Debtor may not cram down the value of the Vehicle. 11 U.S.C. § 1325(a). As such, CARMAX's collateral must be valued as fully securing its claim of $20,632.54.

The debtor's amended plan filed on July 15, 2009, provided that

"THE AMOUNT SECURED CLAIM OF [CARMAX] WILL BE PAID IN FULL WITH 8% POST-PETITION INTEREST PER ANNUM."  The July 15, 2009, amended plan (unlike the plan filed on May 15, 2009) placed no value on the vehicle and did not specify the amount of the allowed secured claim.  If the so-called hanging paragraph of § 1325(a) applies to make § 506(a) inapplicable to the determination of the amount of the allowed secured claim, CARMAX is still free under the amended plan filed on July 15, 2009, to show that the hanging paragraph indeed does apply.  Nothing in the July 15, 2009, amended plan suggests that it is decreeing, one way or the other, whether the hanging paragraph applies.

In any event, CARMAX did not timely object by the deadline that ran in June to the debtor's earlier amended plan filed May 18, 2009, which provided *worse treatment* of CARMAX's allowed secured claim (by providing that "ALL ALLOWED SECURED CLAIMS SHALL BE PAID IN FULL 100% PAYMENT PLUS 6% POSTCONFIRMATION INTEREST PER ANNUM" and providing for no different treatment of CARMAX's allowed secured claim.  The court was thus justified in deeming CARMAX to have waived any objection to the amended plan filed July 15, 2009, which gave its claim *better treatment*.  The court accordingly confirmed the amended plan that was filed on July 15, 2009, by an order entered on July 16, 2009, before CARMAX filed its objection.  The court will strike the objection as having been waived by reason of failure timely to object to

the first amended plan.  It is thus

    ORDERED that the objection of CARMAX to confirmation is overruled and stricken.

[Signed and dated above.]


Copies to:

Robert M. Gants, Esq.; Debtor; debtor's attorney; trustee.